**DI TRAPANI et al. v. M. A. HENRY CO., Inc., et al.**

**WILKS v. SAME.**

**JOHNSON et al. v. SAME.**

District Court, S. D. New York.

Sept. 21, 1946.

124

O'Connell & Butler, of New York City, for plaintiffs, Helen C. Di Trapani, Willie B. Wilks, et al.

Michael A. Hayes, of New York City, for defendant M. A. Henry Co., Inc.

Frederick Mellor, of New York City, for defendant Hecht Co.

E. C. Sherwood, of New York City, for defendant E. F. Timme & Son.

Hays, St. John, Agramson & Schulman, of New York City, for Edward Johnson, administrator, Edward Johnson and Laura Johnson.

HULBERT, District Judge.

These are three actions to recover damages for personal injuries resulting in the death of the injured infant in each case.

The defendant, Henry, manufactured, or caused to be manufactured, a certain "cowboy" uniform known as the Gene Autry cowboy suit, consisting of a number of units, including "chaps" which were made of a material known as cotton and rayon plush. This material was purchased by the defendant Henry from or through the defendant Timme & Son, alleged to have been the agent for Woonsocket Falls Mills, Inc., the manufacturer, which corporation the defendants Timme owned or controlled.

The defendant Henry sold the finished product to the defendant Hecht, from whom a cowboy suit was purchased by the parents of each of the infants. In the course of play the cowboy suit worn by each of said infants became ignited and the said infants were each so badly burned that they died as a result thereof.

Marco Antonio Di Trapani (5 years of age) sustained his burns in Alexandria, Va., March 13, 1945, and died on April 2, 1945; the complaint in that action was filed herein April 2, 1946.

Willie B. Wilks, Jr. (14 years of age), sustained his burns in Washington, D. C., January 23, 1945, and died June 8, 1945; the complaint in that action was filed on or about the 4th of June, 1946.

Richard Johnson (6 years of age) sustained his burns in Wilkes Barre, Pennsylvania, on March 30, 1945, and died August 25, 1945; the complaint was filed in that action on April 9, 1946.

All of the above named defendants have appeared and issue has been joined as to each of them.

The defendant Henry moves in each case:

1. To implead as an additional party defendant, the Woonsocket Falls Mills, Inc., a Rhode Island corporation, having its principal place of business at Providence, R. I.

2. In the Di Trapani case, to amend its answer to the plaintiff's complaint so as to plead as an affirmative defense the one year statute of limitations of the State of Virginia, and

3. To amend its answer to the cross complaint of the defendant Hecht so as to set forth affirmatively contributory negligence as an additional defense and to set forth in such answer to the cross complaint of Hecht a cross complaint against the co-partners doing business as E. F. Timme & Son.

Item No. 3 is not opposed by Hecht or Timme.

With respect to the motion to interplead Woonsocket, counsel in all three actions object upon the ground:

(a) There are no facts alleged to establish liability on the part of Woonsocket:

(b) As to said plaintiffs, or one or more of them, any claim they might have against Woonsocket is barred by the statute of limitations:

(c) That to implead Woonsocket would result in confusion of the issues, especially since a jury might determine that Woonsocket was solely liable, in which case the plaintiffs, or one or more of them, might be without relief.

The defendants Timme also oppose the impleading of Woonsocket, and it is alleged that since Woonsocket is not within the State of New York, it is not subject to the service of process out of this court.

In the case of Robert Adams, an infant, by his guardians ad litem, Mary Adams and Wilfred Adams, individual plaintiffs, against the defendants, pending in this court, Civil 34—759, on motion of the *plaintiffs' attorney,* the Woonsocket Falls Mills, Inc., and the defendants composing the copartnership of E. F. Timme & Son, were brought in by an ex parte order of Judge Leibell dated May 31, 1946, based upon an allegation that while Woonsocket Falls Mills, Inc., was a corporation organized under the laws of the State of Rhode Island and is a citizen thereof "said corporation is duly authorized in the State of New York to conduct its business therein and maintains an office at No. 1 Park Avenue, in the County, City and State of New York," and a return by the U. S. Marshal for this District shows that the supplemental summons was served on said defendant at 1 Park Avenue, New York, N. Y., June 4, 1946, together with a copy of the amended complaint and said order and that service was effected on William E. Rashen, Treasurer of said corporation, who is also an individual defendant as a member of the Timme copartnership.

It is to be noted that in the Di Trapani case that death is alleged in the complaint to have occurred on April 2, 1945, and the complaint was filed in this court on April 2, 1946.

There was some dispute between counsel on the argument of the motion with respect to the exact date of death of the Di Trapani infant. It seems there had been, since issue was joined, an examination before trial in the course of which the bill of the Undertaker who buried the child, was presented, and which, the counsel for Henry contends, may lead to proof that the child died on April 1st.

 The defendant should not be precluded from establishing whatever the actual fact is. Moreover, if the application to interplead the Woonsocket Falls Mills, Inc., is allowed and service of process is effected as it was in the Adams case, it will afford the opportunity for an examination of that impleaded defendant and facilitate the ascertainment of the real facts in this case, which, after all, is to be desired in any case in the interest of substantial justice. The motion to interplead and the motions to amend are all granted, respectively. Settle order on notice.